## FOWLER v. THE WIDOW SPELMAN.

A creditor levying his execution on land, discharges the garnishee, although he cannot finally hold the land.

A garnishee is not holden unless the principal was an absconding debtor.'

SCIRE FACIAS, against her as agent, factor, etc. to Richard Spelman an absent absconding debtor.   The defendant plead that at the time of leaving said copy in service of the original writ; said Richard was not an absent absconding debtor, but was openly and publicly about and in company with said officer, and might have been taken.   And as to £280 of said judgment and execution, she says that the plaintiff levied on land of said Richard's, and had it appraised off to that amount, in part satisfaction of said execution, which was indorsed upon it and returned and recorded according to law, and that the plaintiff holds said lands.

The plaintiff replied, that said Richard was an absent absconding debtor, etc. without that that he was openly and publicly about and in company with said officer, and might

have been taken at the time when said copy was left. On which the parties were at issue to the jury.

And as to said levy of said execution upon land he says it is true he did levy, etc. yet he says that said land did not belong to said Richard but to          and that said levy was by mistake and that he cannot hold said land thereby. To this part of the defense the defendant demurred.

The jury found that said Richard was an absent absconding debtor, etc. and as to that part of the reply which is demurred to, the court judge that it is insufficient, and that the plaintiff be barred as to so much of said debt as said land was appraised at, and that the defendant be examined as to the residue of said execution. Upon the principle that the plaintiff having taken and appraised off said land in satisfaction of so much of said execution, the defendant would consider herself no longer holden to retain that sum in her hands. See the case of Hubbard v. Brown, adjudged at Norwich, March Term, 1791.